UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION


UNITED STATES OF AMERICA

v.  Case No. 8:10-cr-303-T-23MAP
      8:13-cv-2003-T-23MAP

PEDRO LORENZO
FUENMAYOR-AREVALOS
_____/

**O R D E R**

In September, 2012, the defendant's conviction and sentence were affirmed. (Doc. 229) Less than one year later – within the limitation for timely filing a motion to vacate under 28 U.S.C. § 2255 – the defendant filed a motion to dismiss (Doc. 238), but the motion fails to cite Section 2255. An earlier order (Doc. 239) directs the defendant to file a notice that either (1) elects to withdraw his motion in its entirety, (2) elects to proceed under Section 2255 on the claim presented in his motion, or (3) elects to amend his motion to assert any additional claim under Section 2255. The earlier order also cautions the defendant that the district court was not implying that his claim has merit. The defendant elects to proceed under Section 2255. (Doc. 243) As a consequence, the defendant's action was assigned the present civil case number.

Fuenmayor's motion to vacate under 28 U.S.C. § 2255 (Doc. 1) challenges the validity of his conviction for conspiring to possess with the intent to distribute cocaine while aboard a vessel, for which offense he serves 120 months. Fuenmayor pleaded guilty to the offense. The motion to vacate lacks merit.

Rule 4, Rules Governing Section 2255 Cases, requires both a preliminary review of the motion to vacate and a summary dismissal "[i]f it plainly appears from the face of the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief . . . ." *Accord Wright v. United States*, 624 F.2d 557, 558 (5th Cir. 1980)[1] (finding the summary dismissal of a Section 2255 motion was proper "[b]ecause in this case the record, uncontradicted by [the defendant], shows that he is not entitled to relief"); *Hart v. United States*, 565 F.2d 360, 361 (5th Cir. 1978) ("Rule 4(b) of § 2255 allows the district court to summarily dismiss the motion and notify the movant if 'it plainly appears from the face of the motion and any annexed exhibits and the prior proceedings in the case that the movant is not entitled to relief.'").

Fuenmayor challenges the validity of his conviction and sentence under *United States v. Bellaizac-Hurtado*, 700 F.3d 1245 (11th Cir. 2012), a case that is factually distinguishable. Fuenmayor was convicted of violating the Maritime Drug Law

---

[1] Unless later superseded by Eleventh Circuit precedent, a Fifth Circuit decision issued before October 1, 1981, binds this court. *Bonner v. City of Prichard*, 661 F.2d 1206, 1207 (11th Cir. 1981) (*en banc*).

Enforcement Act ("MDLEA"), 46 U.S.C. §70503(a), *et. seq.*, which is based on the constitutional authority granted to Congress "[t]o define and punish Piracies and Felonies committed on the high Seas, and Offences against the Law of Nations." U.S. Const., Art. I, § 8, cl. 10. *Hurtado*, 700 F.3d at 1248-49, explains the breadth of jurisdiction under the MDLEA.

> The Supreme Court has interpreted that Clause to contain three distinct grants of power: the power to define and punish piracies, the power to define and punish felonies committed on the high seas, and the power to define and punish offenses against the law of nations. *See United States v. Smith*, 18 U.S. (5 Wheat.) 153, 158–59, 5 L. Ed. 57 (1820). The first two grants of power are not implicated here: piracy is, by definition, robbery on the high seas, *United States v. Furlong*, 18 U.S. (5 Wheat.) 184, 198, 5 L. Ed. 64 (1820), and the Felonies Clause is textually limited to conduct on the high seas, *see* U.S. Const., Art. I, § 8, cl. 10. The United States relies instead on the third grant—the Offences Clause—as the source of congressional power to proscribe the defendants' drug trafficking in the territorial waters of Panama. The question whether Congress has the power under the Offences Clause to proscribe drug trafficking in the territorial waters of another nation is an issue of first impression in our Court.

*Hurtado* rejects the argument that the "Offences Clause" supports the MDLEA for drug activity that occurs within a foreign country's territorial water. "Because drug trafficking is not a violation of customary international law, we hold that Congress exceeded its power, under the Offences Clause, when it proscribed the defendants' conduct in the territorial waters of Panama." 700 F.3d at 1258. *Hurtado* is inapplicable because Fuenmayor's vessel was in international water and not a country's territorial water. "International water" is all area beyond twelve miles from

land. *United States v. McPhee*, 336 F.3d 1269, 1273 (11th Cir. 2003). As stated in the pre-sentence report, Fuenmayor's vessel was "seventy nautical miles northeast of Cabo Gracias Dios, Honduras," which is unquestionably in international water.

Accordingly, the motion to vacate under 28 U.S.C. § 2255 (Doc. 1) is **DENIED**. The clerk shall enter judgment against Fuenmayor and close this case.

### DENIAL OF BOTH A CERTIFICATE OF APPEALABILITY AND LEAVE TO APPEAL *IN FORMA PAUPERIS*

Fuenmayor is not entitled to a certificate of appealability ("COA"). A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition. 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a COA. Section 2253(c)(2) permits issuing a COA "only if the applicant has made a substantial showing of the denial of a constitutional right." To merit a COA, Fuenmayor must show that reasonable jurists would find debatable both (1) the merits of the underlying claims and (2) the procedural issues he seeks to raise. *See* 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 478 (2000); *Eagle v. Linahan*, 279 F.3d 926, 935 (11th Cir 2001). Fuenmayor cannot meet *Slack*'s prejudice requirement, 529 U.S. at 484, and he is not entitled to appeal *in forma pauperis* because he is not entitled to a COA.

Accordingly, a certificate of appealability is **DENIED**. Leave to proceed *in forma pauperis* on appeal is **DENIED**. Fuenmayor must pay the full $455 appellate

filing fee without installments unless the circuit court allows Fuenmayor to proceed *in forma pauperis*.

ORDERED in Tampa, Florida, on October 17, 2013.

STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE